**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT H.M. DRISCOLL, M.D., et al., | 1:11-cv-01776-LJO-SMS |
| Plaintiffs, | **ORDER ON MOTION TO DISMISS**<br>(Doc. 34) |
| v. | |
| TODD SPENCER M.D. MEDICAL GROUP, INC., et al., | |
| Defendants. | |

**I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL**

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the

1

nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from outside the Eastern District of California.

## II. INTRODUCTION

Plaintiff-relator Scott H.M. Driscoll, M.D. ("relator") brings this qui tam action against defendants Todd Spencer, M.D. Medical Group, Inc. ("the Spencer Group"); Todd Spencer, M.D. ("Dr. Spencer");[1] Madera Community Hospital ("Madera"); Sierra Kings Health Care District ("Sierra");[2] and Does 1 through 100 for alleged violations of the Federal False Claims Act ("FCA") and the California False Claims Act ("CFCA"). Pending before the Court is the Spencer Parties' motion to dismiss for failure to state a claim. For the reasons discussed below, this Court GRANTS the Spencer Parties' motion to dismiss with leave to amend.

## III. BACKGROUND

**A. Facts**[3]

From December 1, 2007 to April 9, 2010, relator worked for the Spencer Group as a diagnostic radiologist. He alleges that defendants engaged in Medicare and Medi-Cal fraud by performing unnecessary procedures and inflating medical bills. Specifically, relator alleges that he observed the Spencer Parties perform unnecessary radiology and CT scanning procedures. Plaintiff explains that the Spencer Parties routinely performed CT scans of the abdomen and pelvis, without contrast despite the fact that medical scholars have long concluded that there is no useful information without contrast. Relator further alleges that defendants routinely performed unnecessary CT scans incident to percutaneous biopsies of the chest, abdomen, and pelvis where a diagnostic CT scan had already been performed. In addition, relator alleges that defendants routinely used CT scans to drain abnormal fluid from the chest and abdomen[4] where most physicians perform this procedure under ultrasound control. Relator also alleges that defendants routinely performed unnecessary and useless CT angiography of the soft tissues of the neck and routinely made unnecessary use of CT scans incident to conducting

---

[1] The Court will refer to the Spencer Group and Dr. Spencer collectively as "the Spencer Parties."
[2] Pursuant to the parties' joint stipulation, Sierra (erroneously sued as Sierra Kings District Hospital) was dismissed from this action without prejudice. (Doc. 40).
[3] The background facts are derived from the complaint. The Court accepts the factual allegations in the complaint as true for purposes of this motion. *See Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).
[4] Thoracentesis and paracentesis.

2

pulmonary angiogram procedures. Further, relator alleges that defendants routinely called back mammography patients to undergo additional diagnostic testing that was unnecessary. With regard to the inflated billing allegation, relator alleges that approximately ten percent of the time defendants broke procedures into component parts and billed for multiple procedures instead of just one.

**B. Procedural History**

On October 25, 2011, relator filed a qui tam action in which he alleges seven claims for relief.[5] In claims one through three, he alleges violations of 31 U.S.C. § 3729(a)(1)(A), (B), and (C) against all defendants. These sections of the FCA attach liability to any person who:

> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
> (B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; [or]
> (C) conspires to commit a violation of subparagraph (A), (B) . . .

31 U.S.C. § 3729(a)(1)(A-C). In claims four through seven, relator alleges violations of Cal. Gov. Code § 12651(a)(1), (2), (3) and (8) against all defendants. These sections of the CFCA attach liability to any person who:

> (1) Knowingly presents or causes to be presented a false or fraudulent claim for payment or approval.
> (2) Knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim.
> (3) Conspires to commit a violation of this subdivision . . .
> (8) Is a beneficiary of an inadvertent submission of a false claim, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the state or the political subdivision within a reasonable time after discovery of the false claim.

Cal. Gov. Code § 12651(a)(1)-(3), (8).

Pending before the Court is the Spencer Parties' motion to dismiss. The Spencer Parties move to dismiss the complaint for failure to comply with FED. R. CIV. P. 9(b)'s particularity requirements. (Doc. 34). This Court VACATES the July 17, 2013, hearing or oral argument, pursuant to Local Rule 230(g). Having considered the arguments presented and the relevant law, this Court issues this order.

---

[5] Plaintiff voluntary dismissed, without prejudice, his employment related claims (claims eight through sixteen). (Doc. 12).

3

## IV. LEGAL STANDARD

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A FED. R. CIV. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a FED. R. CIV. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a relator's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Serv. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student

*Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## V. DISCUSSION

The Spencer Parties request the Court to dismiss claims one through seven for failure to comply with Rule 9(b)'s particularity requirements.

"The heightened pleading standard of Rule 9(b) governs FCA claims," *Cafasso, U.S. ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011), and CFCA claims, *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (it is well established that "Rule 9(b)'s particularity requirement applies to state-law causes of action" that sound in fraud); *see also Mao's Kitchen, Inc. v. Mundy*, 209 Cal. App. 4th 132, 146 (2012) (because the CFCA was modeled on the FCA, it is appropriate to turn to federal cases for guidance in interpreting the CFCA). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). This includes "the who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about a statement, and why it is false." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and citations omitted).

Relator proceeds under a false certification theory. False certifications may be express or implied. *Id*. at 998. To state a claim for express false certification, a relator must allege: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006). To state a claim for implied false certification a relator "must plead with particularity allegations that provide a reasonable basis to infer that (1) the defendant explicitly undertook to comply with a law, rule or regulation that is implicated in submitting a claim

5

for payment and that (2) claims were submitted (3) even though the defendant was not in compliance with that law, rule or regulation." *Ebeid*, 616 F.3d at 998.  A relator need not provide "representative examples of false claims to support every allegation," but, at a minimum, must allege "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* at 998-99 (quotation marks omitted).

Relator's complaint fails to satisfy Rule 9(b)'s particularity requirements.  Relator alleges that "[Dr. Spencer] and [the Spencer Group] submitted false Medicare claims, where there is substantial evidence of medically unnecessary services under his protocol . . ." (Doc. 1, p. 7:18-19).  Relator then alleges that defendants performed the following six unnecessary services regularly: (1) CT scans of the abdomen and pelvis without contrast; (2) CT scans incident to percutaneous biopsies; (3) CT scans to drain abnormal fluid; (4) CT angiography of the soft tissues of the neck; (5) CT scans incident to pulmonary angiogram procedures; and (6) unwarranted mammography call backs.  Relator also alleges that in approximately 10% of the cases handled by the Spencer Group, the Group broke a single procedure into parts and billed "for the many instead of the one." (Doc. 1, p. 12: 5-6).  A fraudulent billing practice relator refers to as "unbundling." (Doc. 1, p. 12:5-6).

These allegations do not satisfy Rule 9(b)'s particularity requirements because although relator need not provide "representative examples of false claims to support every allegation," he must allege "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Ebeid*, 616 F.3d at 998-99 (quotation marks omitted).  Here, relator fails to allege "the who, what, when, where, and how" of the scheme to submit false claims. *Id*. at 998.

For instance, except for the allegation regarding the CT scans performed without contrast, relator alleges that "defendants" performed the unnecessary services.  Defendants include Dr. Spencer, and the managerial employees of the Spencer Medical Group and Madera.  Relator's allegation that all of the managerial employees of the Spencer Medical Group and Madera Community Hospital performed the unnecessary services is far too broad of an allegation to satisfy Rule 9(b)'s particularity requirements.  The same can be said for relator's fraudulent billing allegations.  Relator alleges that the Spencer Group engaged in "unbundling" but fails to allege who specifically was involved in the

practice.

Moreover, it is unclear from the complaint as to when the scheme occurred.  Relator alleges that he observed the unnecessary procedures and fraudulent billing practices during the period he worked for the Spencer Group, which was December 1, 2007 until April 9, 2010.  (Doc. 1, p. 3: 7-11).  However, the complaint also alleges that the relevant period during which relator alleges actionable FCA violations is a period beginning six years prior to the filing of the complaint forward and ten years prior to the filing of the complaint for the CFCA violations.  (Doc. 1, p. 3:15-18).

In addition, except for the allegation regarding the CT scans performed without contrast and the CT scans to drain abnormal fluid, relator fails to allege where each of the unnecessary services were performed.  Relator alleges that Dr. Spencer and the Spencer Group provided radiology services at Madera, Sierra, Valley State Prison for Women, and the Central California Women's Facility but fails to allege which services were performed at which institutions.  Relator's billing allegations are deficient for the same reason.  Relator alleges that "unbundling" occurred in approximately 10% of the cases handled by the Spencer Group but only points to one incident that occurred at Madera.

Finally, relator must flesh out how the scheme worked.  It appears that the unnecessary services were performed pursuant to a protocol created by Dr. Spencer.  However, absent from the complaint are facts regarding the protocol, how the protocol led to the performance of unnecessary services, why the services were unnecessary, how "unbundling" was part of the scheme, and who was involved in the scheme.  Thus, relator fails to allege "the who, what, when, where, and how" of the scheme to submit false claims.  *Ebeid*, 616 F.3d at 998.

Also absent from the complaint are details leading to a strong inference that the claims involving unnecessary services were actually submitted.  *Id*.  Such details may include the "dates and descriptions of [the unnecessary] services and a description of the billing system that the records were likely entered into."  *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009).

The Spencer Parties' motion to dismiss relator's complaint is GRANTED with leave to amend.

## VI. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. VACATES the July 17, 2013, hearing or oral argument, pursuant to Local Rule 230(g);

1    2.  GRANTS the Spencer Parties' motion to dismiss with leave to amend; and
2    3.  ORDERS relator no later than July 29, 2013, to file and serve either: (a) papers to
3        dismiss this action or (b) an amended complaint.  Relator is given one, and only one,
4        opportunity to amend his complaint.  If relator elects to amend his claims he is
5        admonished to pursue only claims based on sufficient facts and law.
6    4.  ORDERS the Spencer Parties, no later than August 19, 2013, to file and serve a
7        response to relator's amended complaint, if filed.
8    5.
9    6.
10 IT IS SO ORDERED.
11   Dated:   **July 5, 2013**                    **/s/ Lawrence J. O'Neill**
12                                                  UNITED STATES DISTRICT JUDGE
         8.
13       9.