UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT H.M. DRISCOLL, M.D., et al., | 1:11-cv-01776-LJO-SMS |
| Plaintiffs, | **ORDER ON MOTION TO DISMISS FIRST AMENDED COMPLAINT** (Doc. 58) |
| v. | |
| TODD SPENCER M.D. MEDICAL GROUP, INC., et al., | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff-relator Scott H.M. Driscoll, M.D., ("relator") brings this qui tam action against defendants Todd Spencer, M.D. Medical Group, Inc. ("the Spencer Group"); Todd Spencer, M.D. ("Dr. Spencer");[1] Madera Community Hospital ("Madera"); and Does 1 through 100 for alleged violations of the Federal False Claims Act ("FCA") and the California False Claims Act ("CFCA"). Pending before the Court is the Spencer Parties' motion to dismiss relator's first amended complaint with prejudice for failure to state a claim. Madera joins in the Spencer Parties' motion. For the reasons discussed below, this Court GRANTS the Spencer Parties and Madera's motion to dismiss relator's first amended complaint with prejudice.

## II. BACKGROUND

**A. Facts**[2]

---

[1] The Court will refer to the Spencer Group and Dr. Spencer collectively as "the Spencer Parties."
[2] The background facts are derived from the first amended complaint. The Court accepts the factual allegations in the first amended complaint as true for purposes of this motion. *See Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

1

From December 1, 2007 to April 9, 2010, relator worked for the Spencer Group as a radiologist. He alleges that defendants engaged in Medicare and Medi-Cal fraud by performing unnecessary procedures and inflating medical bills. Specifically, relator alleges that the Spencer Parties performed CT scans of the abdomen and pelvis without contrast despite the fact that medical scholars have long concluded that there is no useful information without contrast. He further alleges that defendants routinely performed unnecessary CT scans incident to biopsies of the chest, abdomen, and pelvis, and incident to conducting pulmonary angiogram procedures. In addition, relator alleges that defendants routinely performed unnecessary and useless CT angiography of the soft tissues of the neck. Relator also alleges that defendants routinely used CT scans to drain abnormal fluid from the chest and abdomen when most physicians perform this procedure under ultrasound control. Further, relator alleges that defendants routinely called back mammography patients to undergo additional diagnostic testing that was unnecessary. With regard to the inflated billing allegation, relator alleges that defendants broke procedures into component parts and billed for multiple procedures instead of just one.

**B. Procedural History**

On October 25, 2011, relator filed a qui tam action in which he alleged sixteen claims for relief. He alleged FCA violations (claims 1-3), CFCA violations (claims 4-7), and several employment related claims (claims 8-16). Relator voluntarily dismissed, without prejudice, his employment related claims. (Doc. 12). On June 7, 2013, the Spencer Parties moved to dismiss relator's FCA and CFCA claims for failure to comply with FED. R. CIV. P. 9(b)'s particularity requirements. This Court granted the Spencer Parties' motion with leave to amend and gave relator "one, and only one" opportunity to amend his complaint. (Doc. 46, p. 8).

On July 31, 2013, relator filed a first amended complaint in which he again alleges FCA and CFCA violations. (Doc. 50). In claims one through three, he alleges violations of 31 U.S.C. § 3729(a)(1)(A), (B), and (C) against all defendants. These sections of the FCA attach liability to any person who:

> (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
> (B) knowingly makes, uses, or causes to be made or used, a false record or

>  statement material to a false or fraudulent claim; [or]
>  (C) conspires to commit a violation of subparagraph (A), (B) . . .

31 U.S.C. § 3729(a)(1)(A-C). In claims four through seven, relator alleges violations of Cal. Gov. Code § 12651(a)(1), (2), (3) and (8) against all defendants. These sections of the CFCA attach liability to any person who:

>  (1) Knowingly presents or causes to be presented a false or fraudulent claim for payment or approval.
>  (2) Knowingly makes, uses, or causes to be made or used a false record or statement material to a false or fraudulent claim.
>  (3) Conspires to commit a violation of this subdivision . . .
>  (8) Is a beneficiary of an inadvertent submission of a false claim, subsequently discovers the falsity of the claim, and fails to disclose the false claim to the state or the political subdivision within a reasonable time after discovery of the false claim.

Cal. Gov. Code § 12651(a)(1)-(3), (8).

Pending before the Court is the Spencer Parties' motion to dismiss relator's first amended complaint with prejudice. The Spencer Parties move to dismiss the amended complaint for failure to comply with FED. R. CIV. P. 9(b)'s particularity requirements. The Spencer Parties argue that relator fails to cure the deficiencies in his previous complaint by failing to allege new facts. Madera joins in the Spencer Parties' motion. This Court found the motion suitable for a decision without oral argument, pursuant to Local Rule 230(g), and vacated the December 2, 2013, hearing date. Having considered the arguments presented and the relevant law, this Court issues this order.

### III. LEGAL STANDARD

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A FED. R. CIV. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d

580, 588 (9th Cir. 2008).

To survive a FED. R. CIV. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Serv. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Mktg. Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**IV. DISCUSSION**

The Spencer Parties request the Court to dismiss relator's first amended complaint with prejudice because he has once again failed to satisfy Rule 9(b)'s particularity requirements by failing to allege new facts.

**A. Rule 9(b)'s Particularity Requirement**

"The heightened pleading standard of Rule 9(b) governs FCA claims," *Cafasso, U.S. ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011), and CFCA claims, *see Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) (it is well established that "Rule 9(b)'s particularity requirement applies to state-law causes of action" that sound in fraud); *see also Mao's Kitchen, Inc. v. Mundy*, 209 Cal. App. 4th 132, 146 (2012) (because the CFCA was modeled on the FCA, it is appropriate to turn to federal cases for guidance in interpreting the CFCA). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). This includes "the who, what, when, where, and how of the misconduct charged," as well as "what is false or misleading about a statement, and why it is false." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and citations omitted).

Relator proceeds under a false certification theory. False certifications may be express or implied. *Id*. at 998. To state a claim for express false certification, a relator must allege: "(1) a false statement or fraudulent course of conduct, (2) made with scienter, (3) that was material, causing (4) the government to pay out money or forfeit moneys due." *United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006). To state a claim for implied false certification a relator "must plead with particularity allegations that provide a reasonable basis to infer that (1) the defendant explicitly undertook to comply with a law, rule or regulation that is implicated in submitting a claim for payment and that (2) claims were submitted (3) even though the defendant was not in compliance with that law, rule or regulation." *Ebeid*, 616 F.3d at 998. A relator need not provide "representative examples of false claims to support every allegation," but, at a minimum, must allege "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id.* at 998-99 (quotation marks omitted).

In relator's first amended complaint, he alleges that defendants committed Medicare and Medi-

Cal fraud by performing and billing for unnecessary procedures and by submitting inflated bills. Relator alleges that defendants performed the following unnecessary procedures: (1) CT scans of the abdomen and pelvis without contrast; (2) CT scans incident to biopsies; (3) CT scans incident to pulmonary angiogram procedures; (4) CT angiography of the soft tissues of the neck; (5) CT scans to drain abnormal fluid; and (6) unwarranted mammography call backs. Relator also alleges that defendants inflated bills by breaking procedures into component parts and billing for multiple procedures instead of just one.

As with relator's initial complaint, the allegations in his first amended complaint do not satisfy Rule 9(b)'s particularity requirements because he fails to allege sufficiently the details of the alleged scheme to submit false claims and inflated bills. *See id*. (holding that in order to satisfy Rule 9(b)'s pleading requirements for an implied false certification claim it is sufficient to allege "particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted") (internal quotation marks omitted). Relator again fails to allege "the who, what, when, where, and how" of the scheme. *Id*. at 998.

In this Court's prior order it pointed out that it was unclear from the complaint as to who performed the unnecessary services and who submitted inflated bills. The same ambiguities remain in the first amended complaint. The first amended complaint still provides that "defendants" performed the unnecessary services. Defendants include Dr. Spencer, and the managerial employees of the Spencer Medical Group and Madera. Relator's allegation that all of the managerial employees of the Spencer Medical Group and Madera Community Hospital performed the unnecessary services is too broad of an allegation to satisfy Rule 9(b).

Relator argues that his amended complaint clearly alleges that Dr. Spencer is the sole person responsible at the Spencer Group because the amended complaint provides that the Spencer Group is Dr. Spencer's alter ego. Hence, the "group" is actually a "one-man show." (Doc. 60 p. 8:7-8). Although the first amended complaint provides that the Spencer Group is Dr. Spencer's alter ego, the amended complaint also references managerial employees (Doc. 50, ¶ 8) and a billing office (Doc. 50, ¶ 40(a)). Thus, it is still unclear as to who performed the unnecessary services and who submitted the inflated bills.

Relator further argues that the allegations against Madera clearly involve the Chief of Radiology because the first amended complaint provides that the Chief of Radiology designed the fraudulent protocol at Madera.  The first amended complaint does not allege that Madera's Chief of Radiology designed a fraudulent protocol.  The only protocol mentioned in the first amended complaint is the "Spencer protocol."

In this Court's prior order it also determined that it was unclear from the initial complaint about when the scheme occurred.  In relator's initial complaint, he alleged that he observed the unnecessary procedures and fraudulent billing practices during his period of employment, which was December 1, 2007 until April 9, 2010.  He also alleged that the relevant period for actionable FCA violations was a period beginning six years prior to the filing of the complaint forward and ten years prior to the filing of the complaint for the CFCA violations.  In the amended complaint, relator attempts to flesh out these dates by stating that "[t]he 'when' are the thousands of x-ray examinations performed between December 1, 2007, and April 9, 2010." (Doc. 50, ¶ 40(d)).  However, the amended complaint also still provides that the relevant period for actionable FCA violations was a period beginning six years prior to the filing of the complaint forward and ten years prior to the filing of the complaint for the CFCA violations.  Accordingly, the timing of the alleged scheme is still equivocal.

In addition, relator's first amended complaint does not provide any new information about where the unnecessary services and fraudulent billing occurred.  Relator again lists the various institutions where Dr. Spencer provided radiology services and their billing departments but fails to allege which services were performed at which institutions.  Relator also fails to allege which billing departments engaged in which fraudulent billing practices.

Relator also fails to flesh out how the scheme worked.  In this Court's prior order it acknowledged that it appeared that the unnecessary services were performed pursuant to a protocol created by Dr. Spencer.  However, the Court observed that absent from the complaint were facts regarding the protocol, how the protocol led to the performance of unnecessary services, why the services were unnecessary, how inflated billing was part of the scheme, and who was involved in the scheme.  In relator's amended complaint he alleges that thousands of x-ray examinations were "performed from the 'protocol' designed by Spencer" and that x-ray technicians complied with the

7

protocol. (Doc. 50, ¶ 40(c), (f)). The amended complaint also provides that under Dr. Spencer's protocol CT scanning of the abdomen without contrast was performed in all CT abdominal patients (Doc. 50, ¶ 40(k)). Although the amended complaint provides more information than the initial complaint, relator still fails to explain what the protocol directed the x-ray technicians to do, how the protocol led to the performance of unnecessary procedures, and why the services were unnecessary.

Finally, relator's first amended complaint is still void of details leading to a strong inference that the claims involving the alleged unnecessary services were actually submitted. *See Ebeid*, 616 F.3d at 998-99 ("it is sufficient to allege 'particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted'") (internal citation omitted). Relator's first amended complaint is void of such details as the "dates and descriptions of [the unnecessary] services" or "a description of the billing system that the records were likely entered into." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 191 (5th Cir. 2009). In fact, relator's first amended complaint provides that he did not have access to the billing offices or medical records department. (Doc. 50, ¶ 40(b)). Accordingly, relator's failure to allege the particular details of the alleged scheme coupled with the fact that he does not set forth any allegations that would lead to a strong inference that the claims were actually submitted shows that relator has once again failed to satisfy Rule 9(b)'s particularity requirements.

The Spencer Parties and Madera's motion to dismiss relator's first amended complaint is GRANTED.

**B. Dismissal with Prejudice**

The Spencer Parties request the Court to dismiss relator's first amended complaint with prejudice.

Although a district court should grant leave to amend if the complaint can be cured by additional factual allegations, "dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (internal quotation marks and citations omitted). "A district court's discretion to deny leave to amend is particularly broad where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal quotation marks omitted).

In this Court's prior order, it gave relator specific instructions on how to cure the factual deficiencies in his initial complaint.  This Court also warned relator that he had "one, and only one" (Doc. 46, p. 8) opportunity to amend his complaint.  Despite the Court's specific instructions, relator submitted a nearly identical and deficient complaint.  Accordingly, this Court finds that any amendment would be futile and DISMISSES relator's first amended complaint WITH PREJUDICE.

## V. CONCLUSION AND ORDER

For the reasons discussed above, this Court:

1. GRANTS the Spencer Parties and Madera's motion to dismiss relator's first amended complaint;

2. DISMISSES relator's first amended complaint WITH PREJUDICE; and

3. DIRECTS the clerk to enter judgment in favor of defendants Todd Spencer, M.D. Medical Group, Inc.; Todd Spencer, M.D.; and Madera Community Hospital and against plaintiff-relator Scott H.M. Driscoll, M.D. and to close this action.

4.

IT IS SO ORDERED.

Dated:   **December 2, 2013**          /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE

6.
7.