# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF CALIFORNIA ex rel. SCOTT H.M. DRISCOLL, M.D., AND SCOTT H.M. DRISCOLL, M.D., individually and personally,<br><br>**Plaintiffs,**<br><br>v.<br><br>TODD SPENCER M.D. MEDICAL GROUP, et al.,<br><br>**Defendants.** | 1:11-cv-1776-LJO-SMS<br><br>**ORDER RE MOTION TO SUBSTITUTE** |

On December 14, 2016, the Court dismissed with leave to amend Plaintiff Dr. Scott H.M. Driscoll's ("Relator") claims brought under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq., and its California corollary, the California False Claims Act ("CFCA"), Cal. Gov. Code §§ 12651 et seq. Doc. 84 at 2. The Court afforded Relator until January 13, 2017, to file any amended complaint. *Id.* at 9.

On January 11, 2017, however, counsel for Relator Dr. Scott H.M. Driscoll informed the Court that Dr. Driscoll had died. Doc. 85 at 1. In his notice to the Court, counsel stated: "Upon the occurrence of the death of a relator in a qui tam case [such as this one], such qui tam case may not go forward unless a government entity decides to prosecute the case." *Id.* at 1. The Court therefore ordered the United States and the State of California to inform the Court whether either (or both) intended to prosecute this case. Doc. 86 at 1. Both have informed the Court that they will not prosecute this case, and consent to its being dismissed. Docs. 87-88.

Counsel, however, appears to be incorrect about whether this case may proceed without Dr. Driscoll. The only circuit court to have addressed the issue explicitly held that "a relator's qui tam action

survives his death," and permitted the relator's personal representative to prosecute the case. *United States v. NEC Corp.*, 11 F.3d 136, 139 (11th Cir. 1993). Virtually every district court to address the issue has followed *NEC Corp.* and found that claims under the FCA survive the death of the relator. *See United States ex rel. Hood v. Satory Global, Inc.*, 946 F. Supp.2d 69, 81 (D.D.C. 2013) ("The Court agrees with the reasoning of *NEC Corporation* and the nearly unanimous district courts that FCA claims survive the death of the relator-plaintiff."). The Court agrees with this conclusion.

Accordingly, on or before February 24, 2017, counsel for Relator shall file a motion to substitute Relator with a proper party to pursue his FCA claims. *See generally* Fed. R. Civ. P. 25(a). The motion shall also address whether the proposed substitute party may pursue Relator's CFCA claims. If counsel does not meet this deadline, or does not intend to request a substitute for Relator, the Court will dismiss the case.

IT IS SO ORDERED.

Dated:  **February 13, 2017**          /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE